UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

Eric EDNEY (1),

Defendant.

Case No.: 23-cr-2312-AGS-1

**ORDER SEALING SELF-REPRESENTED CLAIMANT'S DOCUMENTS**

The government submitted documents involving a "self-represented person" who asserted a "Bitcoin interest" in this case's criminally forfeited property. (*See* ECF 176, at 1.) Some of that information warrants sealing. Before sealing information, the Court must find that (1) there is a "compelling interest" to seal it; (2) "there is a substantial probability that, in the absence of [sealing], this compelling interest would be harmed"; and (3) "there are no alternatives for [sealing] that would adequately protect the compelling interest." *See United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017). After reviewing the submitted documents, the Court finds that the personally identifying information in these documents meets this standard and warrants redaction. In the wrong hands, the self-represented claimant's social security number, physical address, email address, personal phone number, and banking numbers "could be used for improper purposes." *See United States v. Marquez-Arreola*, 26-cr-0281-AGS, ECF 29 (S.D. Cal. Mar. 26, 2026) (cleaned up); Fed. R. Civ. P. 5.2 (prohibiting publication of an individual's full "social security number").

So, the Clerk must (a) **SEAL** the unredacted version of that document and (b) file a version of that same document on the public docket that redacts the claimant's social security number, physical address, email address, phone number, and banking numbers.

Dated: August 12, 2026

Hon. Andrew G. Schopler
United States District Judge